United States District Court
Southern District of Texas
**ENTERED**
November 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VAN TRONG PHAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-930 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Petitioner Van Trong Phan filed this habeas action while detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. He contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Petitioner alleges causes of action based on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment. Controlling decisions preclude these claims. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (addressing statutory claims); *Sosnava v. Vergara*, No. 26-50183, __ F.4th __, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (addressing procedural and substantive due process claims).

Petitioner also alleges a claim under the Administrative Procedure Act. But that statute can support a cause of action only when "no other adequate remedy in a court" exists. 5 U.S.C. § 704; *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (explaining "that habeas corpus, not the APA, is the proper vehicle" when a litigant can allege a claim in habeas); *Garibay-Robledo v. Noem*, 814 F.Supp.3d 747, 760 (N.D. Tex. 2026) (rejecting analogous APA claim). In the present case, Petitioner can and has asserted his case in habeas, precluding his reliance on the APA.

Finally, Petitioner alleges a claim based on the Suspension Clause. (*See* Pet., Doc. 1, ¶¶ 135–144) That constitutional provision provides that the "Privilege of the Writ of Habeas

Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. I, § 9, cl. 2. Petitioner's cause of action based on this provision fails because the Court is considering Petitioner's habeas action–i.e., no suspension of the writ has occurred. Notably, the Court has exercised jurisdiction over Petitioner's habeas action, but concluded that he presents no viable claim in habeas. The Suspension Clause protects only access to the writ of habeas corpus, an access that Petitioner has been afforded. Other federal district courts considering similar claims based on the Suspension Clause have reached a similar conclusion. *See, e.g.*, *Ahmed v. S. La. Processing Ctr, et al.*, No. CV 26-0658, 2026 WL 1473759, at *3–4 (W.D. La. May 26, 2026); *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067-H, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026); *Flores v. Blanche*, No. 4:26-CV-02760, 2026 WL 1138369, at *1 (S.D. Tex. Apr. 21, 2026).

The Court finds that Petitioner is not entitled to the relief he seeks. Accordingly, it is:

**ORDERED** that Petitioner Van Trong Phan's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on November 19, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge